FILED
United States Court of Appeals
Tenth Circuit

January 5, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MARCELLOUS ANDER ROEBUCK,

      Petitioner - Appellant,

v.

ANGEL MEDINA; JOHN SUTHERS,
Attorney General of the State of
Colorado,

      Respondents - Appellees.

No. 11-1399
(D.C. No. 10-CV-01422-REB)
(D. Colo.)

---

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

---

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

---

Petitioner-Appellant Marcellous Ander Roebuck pled guilty in Colorado

state court to several felonies, and was sentenced to 83 years in prison; he did not

appeal. Following an application for state post-conviction relief, Mr. Roebuck

filed a 28 U.S.C. § 2254 motion with the district court, alleging various claims of

ineffective assistance of counsel ("IAC"). The district court rejected some of

those claims as waived by Mr. Roebuck's plea agreement, and disposed of his

other claims on the merits. Roebuck v. Medina, No. 10–cv–01422–REB, 2011

WL 3608247 (D. Colo. Aug. 16, 2011). Mr. Roebuck now seeks a certificate of

appealability ("COA") so that he may pursue one argument on appeal: that he

received IAC when his counsel misinformed him about the range of sentences he faced by entering a plea agreement. Finding that Mr. Roebuck has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny his application for a COA and dismiss the appeal.

Background

Mr. Roebuck pled guilty to second degree murder, aggravated robbery, conspiracy to commit aggravated robbery, and tampering with physical evidence. These charges stemmed from an incident in which Mr. Roebuck, with others, allegedly staged a drug deal, attempted to rob the drug dealer, shot and killed the drug dealer, moved the body, and hid the gun used in the robbery and killing. Following a plea agreement, Mr. Roebuck's state presentence report indicated that his minimum sentence would be 48 years, but that the court could impose sentences consecutively. People v. Roebuck, No. 2000CR-412, Presentence Report, at 3, 8. The state court explained to Mr. Roebuck that his minimum sentence would be 48 years, People v. Roebuck, No. 2000CR-412, Plea Hearing Transcript, at 8, and both the court and Mr. Roebuck's counsel reiterated the same information at Mr. Roebuck's sentencing hearing, as well, People v. Roebuck, No. 2000CR-412, Sentencing Hearing Transcript, at 17, 21. However, the district court also explained to Mr. Roebuck, at the time of his plea, that "the maximum sentence would be open to the court . . . [a]nd among other things, any of the

sentences can be imposed as consecutive sentences, meaning [the court] could either impose them to run at the same time, or run one after the other." People v. Roebuck, No. 2000CR-412, Plea Hearing Transcript, at 7. Mr. Roebuck acknowledged this information, pled guilty, was sentenced to 83 years' incarceration, and did not appeal.

## Discussion

Mr. Roebuck alleged in his § 2254 petition that, *inter alia*, he received IAC because his counsel misinformed him of the possible sentencing range he faced as a result of entering his plea. More specifically, he argued that he "was so gripped by the hope of leniency, i.e., that he would get the bottom range of the sentences, that he did not and could not, even with the assistance of counsel, enter a voluntary plea"—particularly where the stated range of possible sentences was miscalculated.[1] Mr. Roebuck carefully frames his argument not as a challenge to the sentence he received, but rather as a challenge to the enforcement of his plea agreement; he argues that, had he been informed of the correct sentencing range, he would not have entered the plea agreement and instead would have proceeded to trial. Aplt. Br. 3(a)-(b) (citing People v. Roebuck, No. 2000CR-412, Motions

---

[1] Mr. Roebuck actually argues on appeal that his plea was not knowing and voluntary, as he had been misinformed of the direct consequence of that plea, i.e., his minimum possible sentence. Aplt. Br. 3-3(b). We construe this argument as relating strictly to his original claim of IAC. 1 R. 16.

Hearing 7/8/05 Transcript, at 56-57).[2]

Like the district court, we must defer to the state court proceedings on Mr. Roebuck's IAC claim unless they "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1), (2).  Section 2254(d) contains difficult standards to satisfy—a defendant must show that a state court's ruling is "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  Harrington v. Richter, 131 S. Ct. 770, 786-87 (2011).

Factual findings made by state courts are presumed correct unless the presumption is rebutted by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  Here, the Colorado Court of Appeals affirmed the trial court's

---

[2] In his brief, Mr. Roebuck cites to an "evidentiary hearing" at which he alleges he "testified that had he known there was not a possibility of concurrent sentences he would not have pled guilty but instead insisted upon going to trial." Aplt. Br. 3(a)-(b).  Having reviewed the entire state court record, we believe Mr. Roebuck was referring to a hearing on his Rule 35(b) and 35(c) motions in state court, at which Mr. Roebuck testified that he thought 48 years was "like the sentencing guideline or something like that," that his attorney told him he would get "[j]ust 48" years, that he did not recall his attorney advising him of the possible range of sentences, that he felt misled about the plea agreement by his attorney, and that he would not have pled guilty had he known he was going to receive more than 48 years. People v. Roebuck, No. 2000CR-412, Motions Hearing 7/8/05 Transcript, at 56-57.  Only the statement about not going to trial potentially supports his present argument.

- 4 -

credibility determination that counsel had advised Mr. Roebuck of the range and possible consecutive nature of the sentences. 1 R. 75. The court of appeals reasoned that even if Mr. Roebuck was not advised that certain of his convictions required consecutive sentences, Mr. Roebuck could not demonstrate prejudice because the trial court, thinking it had discretion, opted for consecutive sentences. Id. The federal district court agreed. Roebuck, 2011 WL 3608247, at *12.

Our review of the record persuades us that the state courts' resolution of Mr. Roebuck's claims was not "diametrically different" or "mutually opposed" to Supreme Court precedent. See 28 U.S.C. § 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 405-06, 412-13 (2000). Nor did the Colorado courts apply the Supreme Court's rules to materially indistinguishable facts and reach a different result. Id. Finally, no unreasonable determination of the facts pertinent to each claim occurred. 28 U.S.C. § 2254(d)(2).

Mr. Roebuck is correct that certain of his convictions must be sentenced consecutively under Colorado law. "A person convicted of two or more separate crimes of violence arising out of the same incident shall be sentenced for such crimes so that sentences are served consecutively rather than concurrently." Colo. Rev. Stat. § 18-1.3-406(1)(a). The same statute specifically includes commission of, or conspiracy to commit, *inter alia*, murder and aggravated robbery, as "[c]rime[s] of violence." Id. § 18-1.3-406(2)(a)(I)-(II). Thus, the minimum sentence Mr. Roebuck could receive was a consecutive sentence for

murder, aggravated robbery, and conspiracy to commit aggravated robbery, not including the tampering with evidence charge. Of course, nothing precluded the possibility that even with consecutive sentences, the trial court could have fashioned a sentence of 48 years.

Mr. Roebuck was required to demonstrate that had he been correctly advised about the consecutive nature of the sentences, he would have pled not guilty and gone to trial. Hill v. Lockhart, 474 U.S. 52, 60 (1985). Nothing suggests that Mr. Roebuck was willing to forego the possibility that the state court might give him lower consecutive sentences for the first three convictions, and a concurrent sentence for the tampering with physical evidence conviction. Most importantly, the state district court's finding that Mr. Roebuck most likely would not have gone to trial even had he been "thoroughly advised" is amply supported by the record. See 1 R. 129. As the state court explained at the Rule 35 hearing:

> In this case the plea agreement that defendant accepted was better than probably the best case scenario had he gone to trial, because it did eliminate—gave him a shot to convince Judge Anderson to sentence him less than he did, and it wasn't life without parole.
>
> . . .
>
> I think Mr. McClure (plea counsel) testified that it took a lot to talk the district attorney into offering what was offered, and I have no reason to disbelieve that given the strength of the case that existed to bring Mr. Roebuck to trial on first degree murder charges.

R. 129, 130-131. Moreover, given the state courts' findings, Mr. Roebuck was fully aware of the likely possibility of consecutive sentences of greater than what the parties viewed as a minimum.

We therefore DENY Mr. Roebuck's application for a COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge